Nicholas Dagher, Esq. (SBN 275776)
**DAGHER LAW**
147 Waverly Drive
Pasadena, CA 91105
T: (626) 415-4422
Email: dagher@nd-lawyers.com; sam@nd-lawyers.com

Robert Simon, Esq. (SBN 238095)
**THE SIMON LAW GROUP, LLP**
2916 W 164th Street,
Torrance CA 90504
T: (855) 910-1344
Emails: teamoc@justiceteam.com

Attorneys for Plaintiff, JANE A.B. DOE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE A.B. DOE, AN INDIVIDUAL,<br><br>PLAINTIFF,<br><br>VS.<br><br>G6 HOSPITALITY LLC, G6 HOSPITALITY FRANCHISING LLC, RED ROOF INN, RED ROOF INNS, INC., RED ROOF INN FRANCHISING LLC, DAYS INN BY WYNDHAM HOUSTON, MOTEL 6 LOS ANGELES CA, MOTEL 6 GARDENA CA, SUPER 8 BY WYNDHAM RICHARDSON DALLAS, STUDIO 6 DALLAS TX, MOTEL 6 AUSTIN TX, MOTEL 6 DALLAS TX, TRANSPORTATION BUILDING CORP., PSCD INTERESTS LLC, PREET HOSPITALITY INC., WYNDHAM HOTEL GROUP, LLC, 906 ALVARADO LLC, WYNDHAM HOTEL & RESORTS, INC., PAYAL PATEL, DAYS INN WORLDWIDE, INC., DIWALI HOUSTON EAST LLC, LEMOLI INN LLC, DHAN TAXMI LLC, AUM SRIRAM, LLC, SUPER 8 WORLDWIDE, INC., AND DOES 1 THROUGH 200, INCLUSIVE,<br><br>Defendant. | Case No.: 2:25-cv-08430-SPG-AJR<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>18 U.S.C. §1595<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## <u>INTRODUCTION</u>

1.      Sex trafficking has been a major issue all over and throughout the United States in the past few decades and has only gotten worse in recent years.

2.      For years, sex trafficking ventures have openly and without care, operated online, as well as, in and out of hotels all throughout the country. How is this possible? It is possible because the hotels are aware and participating in these ventures either indirectly or directly.

3.      Despite major hotel brands making public claims that they are combatting human trafficking, the frequency and intensity of sex trafficking has grown rampant. Public appearances, statements and sponsorships to "combat" sex trafficking does not excuse the corporations and individuals that have benefited from sex trafficking.

4.      Major hotels may have claims that they are fighting sex trafficking, however they are not actually upholding their actions where and when it counts. Adding a blurb on their website is not enough, especially when there are still individuals being forced against their will to perform despicable acts, all underneath the roof of their own establishment, often times while staff members are aware and making it easier for the traffickers to operate and continue their criminal activity.

5.      What these major hotel corporations are not posting on their websites or in public statements is how much they are financially benefitting from the continuous and ever-growing human trafficking. They knowingly and willingly

harbor criminals that plan, operate and run sex trafficking operations throughout their hotel chains.  Because it is *lucrative* for them.

6.      As the trafficking industry grows, so does Defendants' profits through the expansion of their properties, number and consistency of rooms rented, sale of survivors within or on their provided internet services and more.

7.      Plaintiff, Jane A.B. Doe, is a survivor of sex trafficking. She brings this action for damages pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, against Defendants for perpetrator liability and for benefiting from direct and indirect participation in the ventures that violated 18 U.S.C. §1595.

8.      18 U.S.C. § 1595 creates civil liability for two categories of defendants: (1) those who have themselves committed a criminal offense under § 1591 of the TVPRA ("perpetrator liability"), and (2) those who are not themselves subject to criminal liability but who knowingly benefitted from participation in a venture that they knew or should have known was committing an offense under § 1591 of the TVPRA ("beneficiary liability").

9.      Civil perpetrator liability extends to a defendant who knowingly recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person with knowledge that means of force, threats of force, fraud, or coercion, or any combination of such, will be used to cause the person to engage in a commercial sex act. 18 U.S.C. § 1591.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

10.     Beneficiary liability under § 1595 extends to a defendant who: (1) knowingly benefitted,  (2) "from participation in a venture", (3) that it "knew or should have known has engaged in" trafficking of the Plaintiff. 18 U.S.C. § 1595(a).

11.     Most sex trafficking in the United States of America occurs within the hospitality industry at hotels and motels.

12.     All of the named Defendants knew that their properties were regularly used to traffic women.

13.     Rather than taking timely and effective measures to stop profiting from this epidemic, Defendants chose to ignore the presence of sex trafficking on their properties, and instead profited millions of dollars from renting rooms, and acquired valuable customer data by providing free Wi-Fi services to customers, including Plaintiff's trafficker.

14.     With the knowledge that their hotels were used for sex trafficking, and after the decision to refrain from taking measures to stop sex trafficking at their hotels, each hotel named in this complaint effectively operated as a trafficking safe house.

15.     Jane AB Doe's trafficker felt safe to operate a sex trafficking venture at and through each hotel safe house named in this Complaint. He paid in cash if he chose to, requested rooms away from other guests, paid for extended stays on a day-to-day basis, he facilitated a flow of male visitors in and out of the hotel room where Plaintiff was located even though those visitors were not guests at the hotel, kept a "Do Not Disturb" sign on the door, and was instructed to use specific and

**COMPLAINT AND DEMAND FOR JURY TRIAL**

secluded entrance/exits where other guests would not see. He would also threaten and at times physically harm Jane AB Doe if she did not do what he told her to. Even with visible signs of physical abuse to Jane AB Doe, no one at the named Defendants looked into it any further than how much money they could profit off of what was happening. Jane AB Doe's trafficker did all of this with impunity because the Defendants were willing to assist him and  refused to take any measures to stop him or to protect Jane AB Doe.

16.    As a result, every single time Jane AB Doe stayed in one of Defendants' hotel rooms, she was subjected to the horrors of being repeatedly raped, multiple times a day, by dozens of different strange men who were only at the hotels to commit sexual offenses against her.

17.    The Defendants make millions from participating in ventures they know or should have known involve violations of 18 U.S.C. § 1591(a) by renting rooms where sex trafficking victims are harbored night after night. Defendants and traffickers have a mutually beneficial relationship fueled and funded by the sexual exploitation of victims. They are partners in crime.

18.    In this case, Defendants directly profited each time a room was rented for the purpose of harboring Jane AB Doe for sex trafficking.

19.    Each franchisee defendant knew, or was aware of, an established modus operandi that would cause Jane AB Doe to engage in forced sex work.

20.    Each Defendant, in violation of 18 U.S.C. § 1595, knowingly benefitted from participation in a venture that it knew, or at the very least should have

**COMPLAINT AND DEMAND FOR JURY TRIAL**

known, to be engaging in sex trafficking of Jane AB Doe in violation of 18 U.S.C. § 1591(a).

21.    Jane AB Doe was trafficked for commercial sex and suffered severe physical and emotional abuse under duress at the hotel properties named herein. The trafficking at each of these hotels was open and obvious to anyone working or staying there.

22.     As a direct and proximate result of Defendants providing a safe house to her trafficker and Defendants' consistent refusal to identify and prevent commercial sex trafficking, Jane AB Doe was trafficked, sexually exploited, and repeatedly victimized.

23.    Plaintiff brings this action pursuant to TVPRA, 18 U.S.C. § 1595 against the Defendants who enabled, harbored, held, facilitated, turned a blind eye to, and financially benefited from a sex trafficking venture in which Jane AB Doe was trafficked for the purpose of commercial sex, sexually exploited, and brutally victimized in violation of 18 U.S.C. § 1591(a).

## PARTIES

24.    Jane AB Doe is a natural person and survivor of sex trafficking. Jane AB Doe was born in approximately 1999. From approximately 2012 to 2014, when Jane AB Doe was between the ages of 13 and 15 years old, she was harbored and forced to engage in commercial sex acts for the benefit of her traffickers and Defendants.

COMPLAINT AND DEMAND FOR JURY TRIAL

a. Due to the sensitive, private, and potentially retaliatory nature of these allegations, this complaint identifies Plaintiff by a pseudonym. Plaintiff will move the court to proceed under a pseudonym in all filings, all public Court proceedings, and to limit the disclosure of information about Plaintiff's true identity in order to protect Plaintiff and Plaintiff's identity.

b. In order to maintain her privacy and safety, Plaintiff should not be compelled to disclose her identity. Plaintiff's privacy interest substantially outweighs the customary practice of judicial openness. Plaintiff only recently escaped her traffickers and would be in danger of being forced back into trafficker should her traffickers learn information about her through publicly filed documents in this action.

25. Defendant G6 Hospitality, LLC, is a Delaware corporation with its principal place of business in Carrollton, Texas and is registered to do business in California.

26. Defendant G6 Hospitality, IP, LLC is a for-profit Delaware corporation with its principal place of business in Carrollton, Texas.

27. Defendant G6 Hospitality Property, LLC, is a for-profit Delaware corporation with its principal place of business in Carrollton, Texas.

28. Defendant G6 Hospitality Purchasing, LLC is a for-profit Delaware corporation with its principal place of business in Carrollton, Texas.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

29.     Defendants, G6 Hospitality, L.L.C., G6 Hospitality IP, L.L.C., G6 Hospitality Property, L.L.C., G6 Hospitality Purchasing, L.L.C., G6 Hospitality Franchising, L.L.C. will collectively be referred to as "G6".

30.     Defendant Motel 6 Operating, L.P., also known and doing business as Motel 6, Inc., is a for-profit Delaware corporation with its principal place of business in Carrollton, Texas.

31.     Defendants Motel 6 Operating, L.P. and Motel 6, Inc., will collectively be referred to as "Motel 6".

32.     Defendant Red Roof Inn, Inc. is an Ohio corporation with its principal place of business in New Albany, Ohio.

33.     Defendant Days Inn by Wyndham Houston is located at 11002 Northwest Fwy, Houston, TX 77092. Days Inn is part of Wyndham Hotels and Resorts, a New Jersey  corporation with its principal place of business in Parsippany, New Jersey.

34.     Defendant Super 8 by Wyndham Richardson Dallas is located at 220 W Spring Valley Rd, Richardson, TX 75081. Super 8 is part of Wyndham Hotels and Resorts, a New Jersey corporation with its principal place of business in Parsippany, New Jersey.

35.     Defendants Days Inn by Wyndham and Super 8 by Wyndham will collectively be referred to as "Wyndham Hotel Defendants."

**COMPLAINT AND DEMAND FOR JURY TRIAL**

36.   Defendant PSCD Interests LLC is located at 11002 Northwest Freeway, Houston, TX 77092. PSCD Interests LLC is believed to be the owner/operator of the Days Inn located at 11002 Northwest Freeway, Houston TX 77092.

37.   Defendant Preet Hospitality Inc. Is believed to be the owner/operator of the Days Inn located at 11002 Northwest Freeway, Houston, TX 77092.

38.   Defendant Wyndham Hotels & Resorts, Inc is a for-profit Delaware corporation with its principal place of business in Parsippany, New Jersey Carrollton, Texas.

39.   Defendant Diwali Houston East LLC is believed to be the owner/operator/ franchisee of the Red Roof Inn located at 11999 East Freeway, Houston, TX 77029.

40.   Defendant Lemoli Inn LLC is believed to be the owner/operator/franchisee of the Motel 6 located at 14605 Crenshaw Boulevard, Gardena, CA 90249.

41.   Defendant Payal Patel is an individual living in Los Angeles, California and is believed to be the owner/operator/franchisee of the Motel 6 located at 906 S. Alvarado Street, Los Angeles, CA 90006.

42.   Defendant 906 Alvarado LLC is a for-profit Limited Liability Corporation licensed to do business in the State of California. It is believed to be the owner/operator/franchisee of the Motel 6 located at 906 S. Alvarado Street, Los Angeles, California.

44.   Defendant Aum Sriram, LLC is believed to be the owner/operator/franchisee of the Motel 6 located at 2380 West Northwest Highway, Dallas, TX 75220.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

45.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States.

46.    Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action, including the Defendants' misconduct and omissions, occurred in the judicial district where this action is brought.

38.    Venue is proper in the Court pursuant to 28 U.S.C. §1391 (b)(1) because at least one Defendant is a resident of this district and all Defendants are registered to do business in the state of California.

## SEX TRAFFICKING UNDER FEDERAL LAW

39.    Sex trafficking is the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of causing the person to engage in a commercial sex act either (1) before the person turns 18 years old; or (2) through force, fraud, or coercion.

40.    The requirements for liability under the TVPRA on a beneficiary theory can be stated as follows: (1) the person or entity "knowingly benefits, financially or by receiving anything of value" (2) "from participating in a venture" (3) that the

COMPLAINT AND DEMAND FOR JURY TRIAL

"person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. §1595(a).

41.    "Sex trafficking" is defined by the TVPRA under 22 U.S.C.§7102(12) as "the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purpose of a commercial sex act."

42.    The term "severe forms of trafficking in persons" includes "sex trafficking in which a commercial sex act is induced by force, fraud, or coercion, or in which the person induced the perform such act has not attained 18 years of age." 22 U.S.C. §7102(11).

## FACTUAL BACKGROUND

43.    Jane AB Doe brings her claims against hotel franchisors, franchisees, owners, operators, and managers for violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. § 1595(a).

44.    The following hotel properties are the subject of this complaint:

• Motel 6 Los Angeles, CA - Downtown, 906 S Alvarado St, Los Angeles, CA 90006

• Motel 6 Gardena, CA, 14605 Crenshaw Blvd, Gardena, CA 90249

• Motel 6 Austin, TX, 8010 N Interstate Hwy 35, Austin, TX 78753

• Motel 6 Dallas, TX - Northwest, 2380 W Northwest Hwy, Dallas, TX 75220

• Studio 6 Dallas, TX - Garland - Northeast, 9801 Adleta Ct, Dallas, TX 75243

**COMPLAINT AND DEMAND FOR JURY TRIAL**

• Red Roof Inn Houston East, 11999 East Fwy, Houston, TX 77029

• Days Inn by Wyndham Houston, 11002 Northwest Fwy, Houston, TX 77092

• Super 8 by Wyndham Richardson Dallas, 220 W Spring Valley Rd, Richardson, TX 75081

## THE SEX TRAFFICKING OF JANE AB DOE

45.    The facts alleged herein stem from human trafficking for commercial sex in California and Texas. While victimized by her trafficker, Jane AB Doe was subject to repeated instances of rape, physical abuse, verbal abuse, exploitation, psychological torment, kidnapping, and imprisonment at the hotels owned, operated, managed, supervised, and/or branded by Defendants from approximately 2012 through 2014.

46.    Jane AB Doe met her trafficker in Dallas, Texas. Jane AB Doe had run away from Child Protective Services and was homeless. She met a girl on the train who told Jane AB Doe to come with her and her boyfriend. Jane AB Doe was approximately 13 years old at the time. They picked her up at Plano Station.

47.    During the first night, Jane AB Doe's trafficker took her to a house, into a child's room, where he raped her while holding a gun. He told Jane AB Doe that he "owned" her. After the sexual assault, Jane AB Doe's trafficker hit her, and she was rendered unconscious. She woke up the next afternoon. Her trafficker gave

her clothes and heels. Within 24 hours of meeting him, she was being trafficked for commercial sex.

48. Jane AB Doe's trafficker carried a gun at all times. Whenever he would see Jane AB Doe, he would show her the gun to let her know he was in control. He used force, threats of force, and physical abuse to compel Jane AB Doe to comply with his demands.

49. Jane AB Doe's trafficker would threaten her and use physical force and abuse to force Jane AB Doe to comply. Each day, he forced Jane AB Doe to be sold to enough buyers so that she satisfied his stated daily minimum, which varied day to day. Jane AB Doe was required to account for each sexual encounter through a quota system involving condoms. She had to make a certain number of condoms "disappear" by the end of each night. Jane AB Doe was not allowed to leave the hotel rooms in which she was trafficked for any reason, including to feed herself.

50. Jane AB Doe's trafficker was arrested and criminally prosecuted for trafficking Jane AB Doe in Dallas, Texas.

51. Jane AB Doe was raped repeatedly at Defendants' hotels. Her trafficker imposed a quota

system requiring Jane AB Doe to have sex with a certain number of buyers each day. During that time, Jane AB Doe knew of other victims who were also trafficked at Defendants' hotels. Hotel employees witnessed obvious signs of Jane AB Doe's trafficking, including her visibly young age and signs of physical abuse,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

yet actively facilitated her trafficker's operations by providing him rooms, instructing Jane AB Doe and her trafficker to use secluded entrances, warning housekeeping not to service the room, and providing replacement keys without question despite Jane AB Doe's obviously underage appearance.

**Motel 6  and Studio 6 Properties Branded by G6 Hospitality**

52.     During 2012 through 2014, Jane AB Doe's trafficker would frequently rent rooms at Motel 6 Los Angeles, CA - Downtown; Motel 6 Gardena, CA; Motel 6 Austin, TX; Motel 6 Dallas, TX - Northwest; and Studio 6 Dallas, TX. These properties were operated under Defendant G6's brand, supervised by G6, and bound to follow directives and operating requirements as outlined by G6.

53.     Jane AB Doe's trafficker would switch rooms every 2-3 days but would stay at the same motel for a week or so before rotating to other motels.

54.     While held captive at these Motel 6 and Studio 6 properties, Jane AB Doe encountered hotel staff while evidencing obvious signs of abuse, including but not limited to visible bruising, malnourishment, being in a drugged state, clothing inappropriate for the weather or general public, and her obviously young age.

55.     On one occasion, Jane AB Doe interacted with a maid who came to her room. The maid asked Jane AB Doe if she needed anything and told her that she had been warned by the front desk not to service that room. This demonstrated that the hotel staff was aware of the unusual circumstances of Jane AB Doe's stay and her trafficker's operations but continued to rent rooms to him.

56.     Jane AB Doe's trafficker made specific room requests so as to find convenient entrances for buyers. Defendants' employees would instruct Jane AB Doe, her trafficker, and buyers to use certain entrances and exits so as not to be seen by other guests.

57.     Jane AB Doe's trafficker regularly used drugs at the Motel 6 properties and would leave behind drug paraphernalia. Despite this obvious sign of illegal activity, the hotels continued renting rooms to him.

58.     At Motel 6 Gardena, CA, if Jane AB Doe's room key got deactivated, her trafficker told her she could go to the front desk and ask for another key, and that no one would ask any questions because the staff already knew him. Jane AB Doe was clearly underage at the time, yet the front desk staff would provide her replacement keys without any inquiry or concern.

59.     Despite these repeated, open, and obvious signs of Plaintiff's trafficking, G6 and Motel 6, Inc. continued renting rooms to Plaintiff's trafficker.

**Days Inn by Wyndham Houston and Super 8 by Wyndham Richardson Dallas**

60.     During 2012 through 2014, A.B.'s trafficker would frequently rent rooms at Days Inn by Wyndham Houston, located at 11002 Northwest Fwy, Houston, TX 77092, and Super 8 by Wyndham Richardson Dallas, located at 220 W Spring Valley Rd, Richardson, TX 75081.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

61.    While held captive at Days Inn by Wyndham Houston and Super 8 by Wyndham Richardson Dallas, Jane AB Doe encountered hotel staff while evidencing obvious signs of abuse, including but not limited to visible bruising, malnourishment, being in a drugged state, clothing inappropriate for the weather or general public, and her obviously young age.

62.    On one occasion at Super 8 by Wyndham Richardson Dallas, Jane AB Doe was severely beaten by her trafficker in the hotel room. Due to the violence of the physical abuse and Jane AB Doe's screams, a couple staying at the hotel called the police. The police arrived and knocked door to door. When they arrived at the room where Jane AB Doe and her trafficker were staying, her trafficker forced her to pretend to be asleep. The next day, the hotel called the couple who had called the police to the office, near where Jane AB Doe and her trafficker were staying, and then expelled them from the hotel for "bringing police to the business." This appeared to be a deliberate action by the hotel, done in a manner intended for Jane AB Doe's trafficker to witness, as if to assure him that the hotel would protect his operations by punishing guests who reported his crimes.

63.    Despite these repeated, open, and obvious signs of Plaintiff's trafficking, Days Inn by Wyndham Houston, Super 8 by Wyndham Richardson Dallas, and Wyndham Hotel Group continued renting rooms to Plaintiff's trafficker.

**Red Roof Inn Houston East**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

64. During 2012 through 2014, Jane AB Doe's trafficker would rent rooms at Red Roof Inn Houston East, located at 11999 East Fwy, Houston, TX 77029.

65. Jane AB Doe was trafficked at Red Roof Inn Houston East on at least two occasions with two different traffickers.

66. While at Red Roof Inn Houston East, Jane AB Doe interacted with a maid who came to her room. The maid asked if she needed anything and told Jane AB Doe that she had been told by the front desk not to service the room. This demonstrated that the hotel staff was aware of the unusual circumstances of Jane AB Doe's stay and the nature of her trafficker's operations.

67. Jane AB Doe's stays at Red Roof Inn Houston East varied in length. Sometimes she would stay a day or two; other times she would stay 7-10 days.

68. Despite open and obvious signs of Plaintiff's trafficking, Red Roof Inn continued renting rooms to Plaintiff's traffickers.

<strong>DEFENDANTS' LIABILITY UNDER THE TVPRA</strong>

**A. Defendants Knowingly Benefited Financially from The Sex Trafficking**

69. Defendants have the highest obligation and statutory duty to protect their guests from known dangers, including sex trafficking and sexual exploitation, and should be held accountable when they fail to comply.

<strong>COMPLAINT AND DEMAND FOR JURY TRIAL</strong>

70.     All Defendants profited from the sex trafficking of Jane AB Doe and knowingly or negligently aided and engaged with her trafficker in the venture.

71.     Defendants rented rooms to Jane AB Doe's traffickers knowing, or should have known, that they were using the room to harbor sex trafficking victims, physically assault them, and subject them to repeated exploitation as they were forced into sexual servitude.

72.     Defendants deliberately disregarded the implementation of best-known anti-trafficking policies, practices, and procedures to maintain profit.

73.     Defendants knew that their expenses would increase if they hired more security personnel and funded more training programs. Additionally, Defendants would lose revenue by preventing human traffickers from renting rooms. The combination of increased expenses and lost revenue meant less profit.

**B. Defendants Participated in a Venture**

74.     There was a continuous business relationship through the rental of rooms between Plaintiff's traffickers and Defendants.

75.     Defendants actively participated in this illegal endeavor by knowingly or negligently providing lodging to Jane AB Doe's traffickers in which to harbor Jane AB Doe while they were trafficking her.

76.     Defendants all had the opportunity to stop Jane AB Doe's traffickers from victimizing Jane AB Doe and others like her. Instead, every Defendant failed to take reasonable measures to stop sex trafficking from occurring in their hotels. .

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**C. Defendants Knew or Should Have Known**

77.   Due to Defendants' failures to enact anti-trafficking policies and procedures to comply with the TVPRA, these Defendants, in essence, turned a blind eye to human trafficking. Therefore, these Defendants' failure to investigate and monitor human trafficking is sufficient to establish Defendants knew or should have known of human trafficking for commercial sex occurring at their brand properties.

78.   Defendants knew, or should have known, that sex trafficking victims were being trafficked because they constantly entertained foot traffic at the rented room, the traffickers would help check her in then not proceed to the room, and the victim often displayed visible injury while seemingly never allowed to be alone.

79.   As a direct and proximate result of these egregious practices on the part of Defendants, Jane AB Doe and victims of sex trafficking and exploitation like her, have been permanently injured and damaged physically, emotionally, psychologically, and financially.

## CAUSES OF ACTION

### COUNT ONE – 18 U. S. C. § 1595 ("TVPRA")

**(Against All Defendants)**

80.   Plaintiff incorporates each foregoing allegation as if fully stated herein.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

81.     Plaintiff is a victim of sex trafficking within the meaning of 18 U.S.C. § 1591(a) and is therefore entitled to bring a civil action under 18 U.S.C. § 1595.

82.     Defendants' acts, omissions, and commissions, taken separately and/or together, outlined above, constitute a violation of 18 U.S.C. § 1595. Specifically, Defendants had a statutory obligation not to benefit from a venture which they knew, or should have known, to engage in violations of 18 U.S.C. § 1591(a). At all relevant times, Defendants breached this duty by facilitating human trafficking through their participation in the harboring of Plaintiff, her trafficker, and buyers in their hotels for the purposes of commercial sex induced by force, fraud, or coercion.

83.     Defendants benefited as a result of their acts, omissions, and/or commissions by keeping operating costs low, maintaining the loyalty of traffickers and other individuals fueling the supply and demand of sex trafficking, and limiting mandatory regulations within their businesses. Moreover, Defendants knowingly benefited from Plaintiff's trafficking on each occasion they received payment or royalty fees for renting rooms at Defendants' hotels where Plaintiff, her trafficker, and numerous buyers were harbored.

184.     Plaintiff has suffered substantial physical and psychological injuries as the result of being trafficked and sexually exploited at the Defendants' hotels in violation of 18 U.S.C. § 1591(a).

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests the jury selected to hear this case render a verdict in her favor on all counts alleged, and against each and every named Defendant, separately and severally, and that it awards damages to her in an amount which will adequately compensate her for the injuries and damages she sustained due to the Defendants' conduct outlined as follows:

a. All available compensatory damages for the described losses with respect to each cause of action;

b. Past and future medical expenses, as well as the costs associated with past and future life care;

c. Past and future lost wages and loss of earning capacity;

d. Past and future emotional distress;

e. Consequential and/or special damages.

f. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

g. Disgorgement of profits obtained through unjust enrichment;

h. Restitution;

i. Punitive damages with respect to each cause of action;

j. Reasonable and recoverable attorneys' fees;

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

k. Costs of this action; and

l. Pre-judgment and all other interest recoverable.

Plaintiff also requests that the Court enter judgment consistent with the jury's verdict and prays for any other damages and equitable relief the Court or jury deem appropriate under the circumstances.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

Dated: January 29, 2026                          **DAGHER LAW**


By: _____
        Nicholas Dagher, Esq.
        Attorneys for Plaintiff,
        Jane AB Doe

**COMPLAINT AND DEMAND FOR JURY TRIAL**